[Cite as *State v. Martin*, 2026-Ohio-2959.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        APPEAL NO.    C-250685
                                           TRIAL NO.     C/25/CRB/7458
    Plaintiff-Appellee,          :

  vs.                              :
                                                    *JUDGMENT ENTRY*
WILLIAM MARTIN,                   :

    Defendant-Appellant.         :


    This cause was heard upon the appeal, the record, the briefs, and arguments.

    For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

    Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

    The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 7/31/2026 per order of the court.**


**By:**_____
       **Administrative Judge**

[Cite as *State v. Martin*, 2026-Ohio-2959.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250685 |
| | | TRIAL NO. C/25/CRB/7458 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| WILLIAM MARTIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 31, 2026

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Norbert Wessels*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela W. Chang*, Hamilton County Public Defender, *Joshua A. Thompson*, Assistant Public Defender, and *Jared S. Vornhagen*, Legal Intern, for Defendant-Appellant.

**MOORE, Judge.**

{¶1} Defendant-appellant William Martin pled no contest to a charge of carrying concealed weapons following the trial court's denial of his motion to suppress evidence seized in connection with a traffic stop. Martin raises a single assignment of error challenging the denial of his motion on the grounds that the warrantless search of his vehicle was not justified by the officer-safety exception or the automobile exception to the warrant requirement. For the reasons set forth below, we affirm the trial court's judgment.

## I.  Factual and Procedural History

{¶2} On the evening of April 27, 2025, Officer David Gillen of the Glendale Police Department observed a blue Kia sedan being driven at an estimated speed of 60 to 65 m.p.h. in a 35-m.p.h. zone. Gillen pursued the vehicle in his cruiser and initiated a traffic stop. Martin, who was alone in the car, explained he was on his way to pick up his girlfriend from work.

{¶3} Gillen asked if there was anything in the car that should not be, and Martin said there was not. Gillen said he did not care about a small amount of marijuana, and Martin admitted to smoking marijuana earlier. Gillen then asked if Martin had any guns. Martin shook his head and said, "No," adding, "Not 'til May 1st, sir." Gillen inquired about the significance of the date and Martin explained that that was when he and his uncle were going to a shooting range.

{¶4} Gillen returned to his cruiser to check Martin's driving record, prior criminal history, and if he had any open warrants. Officer Bishop arrived at the scene in response to the call for backup, and Gillen exited from the cruiser when she arrived. Gillen told Bishop that he was getting ready to pull Martin from the vehicle. He explained that he observed Martin drive by at a high rate of speed and that Martin was

"shaking like a leaf," and noted he was 18 years old. Gillen informed Bishop that he smelled marijuana and Martin admitted to smoking marijuana earlier.

{¶5} Gillen returned to Martin's car and asked him to step out. The officer conducted a pat-down search and pulled a small bag of marijuana from Martin's front pants pocket. Gillen explained he had Martin step out of the car because he detected the odor of marijuana and Martin was 18 years old. Gillen and Martin discussed Martin's speed while Bishop searched the vehicle. Martin was taken into custody after the search found a loaded handgun in between the driver's seat and center console.

{¶6} The State filed a complaint charging Martin with carrying concealed weapons in violation of R.C. 2923.12, a misdemeanor of the first degree. Martin filed a motion to suppress. Following a hearing, the trial court denied the motion. Martin pled no contest to the charge and the court found him guilty. The court imposed a jail sentence of two days with credit for two days served. This appeal followed.

## II. Analysis

{¶7} Martin's sole assignment of error challenging the trial court's denial of his motion to suppress raises two issues. First, he argues that the search of his vehicle was not reasonable under the officer-safety exception to the warrant requirement. Second, he argues that the search was not reasonable under the automobile exception to the warrant requirement.

{¶8} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution protect individuals against unreasonable searches and seizures by the government where an individual has a reasonable expectation of privacy. *See State v. Evenson*, 2022-Ohio-1336, ¶ 15 (1st Dist.); *Smith v. Maryland*, 442 U.S. 735, 739 (1979). "A search is unreasonable when police lack a valid warrant and no exception to the warrant requirement applies." *State v. Jackson*,

2022-Ohio-4365, ¶ 10. Evidence obtained from unlawful searches and seizures is inadmissible in court and subject to suppression. *See Mapp v. Ohio*, 367 U.S. 643, 649 (1961), discussing *Weeks v. United States*, 232 U.S. 383 (1914).

{¶9} There is no dispute that this was a warrantless search. At the suppression hearing, the State grounded its arguments in the officer-safety and automobile exceptions to the warrant requirement. Following the parties' closing arguments, the trial court found that Officer Gillen had probable cause to stop Martin's vehicle. That finding does not appear to be in dispute. The court preliminarily opined that, under the totality of the circumstances, the smell of marijuana alone did not give rise to probable cause to detain Martin and search for anything other than the origin of the smell of burnt marijuana. The court preliminary conveyed its intent to grant the motion to suppress. At the next hearing, however, the court changed course and denied the motion.

### A. Standard of Review

{¶10} Appellate review of trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Curry*, 2022-Ohio-627, ¶ 12 (1st Dist.), citing *State v. Burnside*, 2003-Ohio-5372, ¶ 8. We are bound to accept the trial court's factual findings if supported by competent, credible evidence. *Id.* at ¶ 13. We then independently assess whether the facts satisfy the applicable legal standard. *Id.*, quoting *Burnside* at ¶ 8.

{¶11} At the suppression hearing, the parties agreed to submit proposed findings of fact and conclusions of law to the trial court. At the next hearing, the court explained it changed its mind after reviewing the proposed findings and conclusions submitted by the parties. Those briefs are not in the record before us. Thereafter, the court denied the motion "based on the totality of the circumstances." While the judge's

sheet entry for November 25, 2025, states "MTS denied per separate entry," no separate entry appears of record.

{¶12} Martin urges this court to follow the Ninth District's lead and reverse the judgment and remand the cause for the trial court to issue findings of fact and conclusions of law, decrying the omission as a violation of Crim.R. 12(F). *See, e.g., State v. Dennis*, 2016-Ohio-8136, ¶ 6 (9th Dist.). It appears that the trial court intended to commemorate its findings and conclusions via a separate entry and neglected to do so.

{¶13} When faced with such an omission in the past, this court has reviewed the record to determine whether there was sufficient evidence to support the trial court's judgment. *See, e.g., State v. Johnson*, 2019-Ohio-3877, ¶ 32 (1st Dist.) (directing, "when the trial court makes no factual findings, we review the record to determine whether the evidence was sufficient to support the denial of the motion"); *State v. Pate*, 2014-Ohio-2029, ¶ 11 (1st Dist.) (same); *State v. Shields*, 2011-Ohio-1912, ¶ 9 (1st Dist.) (same). Here, our ability to review the record to assess whether the evidence supports the denial of the motion is not hindered by the trial court's failure to issue findings of fact and conclusions of law. *Compare State v. Gilmore*, 2015-Ohio-2931, ¶ 4, fn. 1 (9th Dist.) (trial court's failure to issue findings of fact did not hamper the court's review because any factual disputes had no bearing upon the court's analysis). As a result, we decline Martin's invitation to reverse the judgment and remand the cause to the trial court to make such findings of fact and conclusions of law.

### B. The Automobile Exception to the Warrant Requirement

{¶14} "Under the automobile exception to the warrant requirement, officers may search a vehicle without obtaining a warrant when they have probable cause to

believe the vehicle contains evidence of illegal activity." *Jackson*, 2022-Ohio-4365, at ¶ 28. Probable cause is "a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction." *State v. Kessler*, 53 Ohio St.2d 204, 208 (1978), quoting *Carroll v. United States*, 267 U.S. 132, 149 (1925). It is an objective standard. *State v. Martin*, 2024-Ohio-10, ¶ 17 (1st Dist.). The assessment of probable cause is based on the totality of the circumstances. *See State v. Ward*, 2017-Ohio-8141, ¶ 20, quoting *State v. Grubbs*, 2017-Ohio-41, ¶ 33 (6th Dist.).

1. **Probable cause to believe Martin was driving under the influence**

{¶15}    The facts of this case are similar to those in *State v. Waters*, 2025-Ohio-4479 (1st Dist.), with one notable distinction. *Waters* predated the legalization of recreational marijuana, but its reasoning is still instructive under the facts of this case. The arresting officer in *Waters* testified that he smelled marijuana when he approached the vehicle. *Id.* at ¶ 21. Because marijuana was then illegal, we reasoned that this "provided a valid factor to support probable cause that the vehicle contained contraband." *Id.* We observed that Waters admitted to recently smoking marijuana and that driving under the influence of marijuana was illegal under R.C. 4511.19(A)(1)(a). *Id.* at ¶ 22. Accordingly, we reasoned that "[t]hese facts provided the officers probable cause to believe that Waters was driving under the influence of marijuana, justifying their searching his car for contraband." *Id.*

{¶16}    The same reasoning applies here. Gillen smelled marijuana when he made contact with Martin. The odor of marijuana was one factor to consider. When Gillen mentioned marijuana early on in the stop, Martin admitted to smoking about an hour earlier. Thereafter, Gillen ordered Martin out of the car and continued his investigation. *See Pennsylvania v. Mimms*, 434 U.S. 106 (1977) (police may order

driver out of a lawfully stopped vehicle without violating the Fourth Amendment, even in the absence of any suspicion of criminal activity). He also acted within his authority by conducting a pat-down search. *Terry v. Ohio*, 392 U.S. 1 (1968) (police may briefly detain an individual for investigatory purposes if they have reasonable suspicion that criminal activity is recent or imminent); *State v. Hairston*, 2019-Ohio-1622, ¶ 9, citing *Terry* at 30.

{¶17} The pat-down revealed a small bag of marijuana in Martin's front pants pocket. Again, Martin also admitted to smoking marijuana earlier. The odor of marijuana and this admission were factors to be considered in an OVI investigation, just as the odor of alcohol or admitted consumption of an alcoholic beverage are factors in alcohol-based cases. Finally, Gillen testified that Martin had bloodshot eyes and slowed speech. In the body-worn camera footage, Martin's sentences dropped off in volume at times. Although the investigation did not ultimately proceed to field sobriety tests, the totality of the facts and circumstances afforded Gillen probable cause to believe that Martin was driving while under the influence of marijuana.

{¶18} We hold that these facts provided probable cause to search the Kia for contraband related to the OVI offense. *See State v. Gray*, 2025-Ohio-4607, ¶ 62 (1st Dist.) (recognizing that probable cause to search a vehicle under the automobile exception is more likely to be present where the odor of marijuana is coupled with other factors, such as the presence of smoke or indicia of impairment). We therefore affirm the trial court's judgment on the basis that the search was permissible under the automobile exception to the warrant requirement.

{¶19} Because we determine that the search of Martin's car was permissible based on the suspicion that he was driving under the influence, Martin's argument regarding the inapplicability of the officer-safety exception is moot

and we need not address it to resolve his appeal. *See* App.R. 12(A)(1)(c).

{¶20}  Martin's sole assignment of error is overruled.

### III.  Conclusion

{¶21}  The trial court did not err in denying Martin's motion to suppress because the search of the vehicle was authorized by the automobile exception to the warrant requirement. We therefore overrule Martin's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

BOCK, P.J., and NESTOR, J., concur.